IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARON L. CARROLL,<br><br>      Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, NEBRASKA; MICHAEL MYERS; JOHN DOES 1 – 7; individuals being sued in their individual and official capacity,<br><br>      Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

**COMES NOW**, Plaintiff, Jaron L. Carroll, by and through his counsel of record, Oluseyi O. Olowolafe of Olowolafe Law Firm, LLC, alleges and states as follows:

### NATURE OF THE ACTION

1. This lawsuit arises out of an unprovoked and malicious beating perpetrated by correctional officers against Carroll, a former pre-trial detainee at the Douglas County Department of Corrections (hereinafter "Douglas County Jail"). Although Carroll was seriously injured from the beating, correctional officers denied him appropriate medical treatment, and from using the telephone to contact his attorney. Corrections officers and staff attempted to conceal their actions pursuant to an official policy of the Douglas County Jail and Douglas County to cover up incidents of serious misconduct and abuse.

2. Plaintiff seeks money damages for: (1) the use of excessive force in violation the Fourth and Fourteenth Amendments to the United States Constitution; (2) the denial of adequate medical care in violation of the Fourteenth Amendment to the United States Constitution; (3) the denial of counsel in violation of the Sixth and Fourteenth Amendments to the United States; and (4) the cover-up of the use of excessive force pursuant to an official policy of the Douglas County

Jail and Douglas County in violation of the Fourteenth Amendment to the United States Constitution.

## JURISDICTION & VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. §§ 1983 and 1988.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Carroll's claims occurred in Douglas County, Nebraska, and pursuant to 18 U.S.C. § 1965.

## PARTIES

5. Plaintiff Jaron L. Carroll is a citizen of the United States and resides in Omaha, Nebraska. Plaintiff was a pre-trial detainee at the Douglas County Department of Corrections jail at all relevant times herein. Carroll was released from custody on October 19, 2020.

6. Defendant Douglas County is a local public municipal entity under the laws of the State of Nebraska. The Douglas County Jail is a department of Douglas County, for which the County is the legal entity responsible for the Douglas County Jail.

7. Defendant Michael Myers was, at all times relevant herein, the Director of Corrections of Douglas County. Myers operates in his official capacity the Douglas County Jail, where he was given custody and charge of Carroll, and was responsible Carroll's protection, as well as for the hiring, training, and supervision of all personnel necessary to operate and maintain the Douglas County Jail. He is sued in his individual and official capacity.

8. Defendant John Doe 1 was, at all times relevant herein, chief corrections officer of the Douglas County Jail, responsible for the personnel employed on his shift and for the care, custody, and security of Carroll during his watch. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

9. Defendant John Doe 2 was, at all times relevant herein, a sergeant corrections officer for Douglas County Jail, responsible for the immediate supervision and care of Carroll during their shift. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

10. Defendant John Doe 3 was, at all times relevant herein, a nurse/medical staff personnel for Douglas County Jail. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

11. Defendants Corrections Officers John Does 4-7 were, at all times relevant herein, employees of the Douglas County Jail. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

12. All mentioned defendants were acting within the scope of their employment at the times of the incidents giving rise to the causes of action. All defendants have acted and continue to act under the color of law in the State of Nebraska at all times relevant to this complaint. Their deprivations of Carroll's constitutional rights are set forth in the following statements of facts and causes of action.

## STATEMENTS OF FACT

**The October 18, 2020 Beating**

13. In the early morning of October 18, 2020, Carroll was detained at the Douglas County Jail located at 710 South 17th Street, Omaha, Nebraska.

14. During the Douglas County Jail's booking process, Carroll was placed in a waiting cell dressing room.

15. While in the waiting cell dressing room, Carroll's request to be placed in a cell and to use the phone were denied.

16. Defendant Corrections Officer 4 stated, "since you want to be a smart ass you can get dressed and get no phone call."

17. Defendant Corrections Officers 4-5 threaten Carroll although he was complying with the demands to put on the detainee jump suit.

18. Specifically, Defendant Corrections Officers 5 threatened Carroll by stating they were going to beat Carroll after they put handcuffs on him.

19. Once Carroll had finished changing into the detainee jump suit, he was immediately handcuffed behind his back by Defendant Corrections Officer 4.

20. Defendant Corrections Officers 4-5 each grabbed Carrol by his triceps and proceeded to walk him to the nurse's room escorted by Defendant Corrections Officers 6-7.

21. As Defendants Corrections Officers 4-7 escorted Carroll towards the nurse's station, Defendant Corrections Officer 4 aggressively pinched and squeezed Carroll's tricep muscle.

22. Despite having complied with Defendants Corrections Officers demands as instructed, the unjustifiable aggressive pinching and squeezing of Carroll's tricep muscle while handcuffed caused Carroll extreme pain.

23. Carroll informed Defendant Corrections Officers 4 that he was hurting him and because of the extreme pain, jerked away from Defendant Corrections Officer 4 in response to the unjustified pain being inflicted upon him.

24. Defendant Corrections Officers 4-5 immediately grabbed and slammed Carroll into a chair, causing Carroll's head to slam against the concrete wall.

25. While in the chair, Defendant Corrections Officer 6 began choking Carroll by shoving his forearm into Carroll's throat.

26. At which time, Defendant Corrections Officers 4-5 each used their legs to lock Carroll into the chair before picking him up in the chair and slamming him face first into the concrete floor shattering his teeth.

27. As a result of shattering his teeth, Carroll began to spew blood and teeth from his mouth.

28. Defendant Corrections Officers 4-5 picked Carroll up in the chair they had shackled him to and slammed his head against the concrete wall yet again.

29. Defendant Corrections Officer 7 grabbed Carroll by the throat with his hands and proceeded to choke him.

30. While being choked, Defendant Corrections Officer 6 punched Carroll in the face repeatedly.

31. At no time did Carroll resist Defendant Corrections Officers.

**Defendants Deny Carroll Medical Care**

32. While the Defendant Corrections Officers were savagely beating and choking Carroll, Defendant Nurse John Doe 3 was present at the nurse's station.

33. Defendant Nurse John Doe neither intervened to stop the savage beating and choking nor provided any medical assistance to Carroll.

34. After beating Carroll, Defendant Corrections Officers 4-7 dragged Carroll back to the booking area and took his mug shot.

35. Seriously injured, Carroll was strapped back to the chair and wheeled to a suicide room jail cell.

36. Despite needing medical attention from the unprovoked beating, Carroll laid on the floor of the suicide scared, beaten, and bloodied.

37. For hours Carroll repeatedly banged on the door of the suicide room jail cell for medical help to no avail.

38. Finally, after over five hours, Correction Officers removed Carroll from the suicide cell and placed him in an unmarked car.

39. Carroll was taken to University Medical Center hospital for medical care although Correction Officers never informed Carroll where he was going.

40. The medical staff inserted a metal wire underneath the bridge of Carroll's mouth to hold the remainder of his teeth in place.

41. After which, Carroll was taken back to Douglas County Jail.

**Defendants Make a Concerted Effort to Cover Up October 18, 2020 Beating**

42. Defendants attempted to cover up or deny the October 18, 2020 incident as soon as it happened.

43. Defendants Corrections Officers 4-7, in concert with others, altered or made incorrect entries in logbooks and records to give the appearance that Carroll had assaulted a Correction Officer and that he was suicidal.

44. Upon arriving back at the Douglas County Jail, Carroll was placed back in the suicide room jail cell.

45. At no time had Carroll assaulted any of the corrections officers.

46. At no time had Carroll been suicidal.

47. At no time had Carroll make any comments of suicidal ideations.

48. Carroll was placed the suicide room jail cell in order to hide the damage inflicted on him from others.

49. On the morning of October 19, 2020, Carroll was informed by the new shift corrections officer that his attorney was on the phone.

50. Under false pretenses, Carroll learned that his attorney was not on the phone but rather Defendant Chief Corrections Officer John Doe 1.

51. Defendant Chief Corrections Officer John Doe 1 stated to Carroll that, "[He] heard [Carroll] assaulted one of [his] COs".

52. Carroll informed Defendant John Doe 1 that he was handcuffed and could not have possibly assaulted anyone.

53. Carroll also informed Defendant John Doe 1 that he needed to check the video cameras.

54. Defendants operated in concert to try to conceal with October 18, 2020 beating from internal and external investigators.

55. On October 23, 2020, Carroll filed a report of the beating with the Douglas County Sherriff's office.

56. On information and believe, Defendants were aware of the legal consequences of the October 18, 2020 incident and worked to undermine the investigation.

57. On information and believe, the Douglas County Jail's internal affairs did not investigate the October 18, 2020 incident, and that none of the Defendants were disciplined.

**The Cover-Up Is an Official Policy of Defendants Douglas County**

58. The acts described above are part of an institutional practice or custom, constituting an official police of the Douglas County Jail of covering up of instances of serious misconduct, especially the use of excessive force, by Corrections Officers, and of sanctioning repeated interference by corrections officers into detainees' abilities to use the telephone to contact their attorney.

59. On information and belief, Defendants Myers and Douglas County had prior notice of the propensity of Douglas County Jail employees to cover-up excessive force by correctional officers but took inadequate steps to train and supervise these employees, correct their abuse of authority, or implement meaningful procedures to discourage their unlawful abuse of power.

60. Defendants Myers and Douglas County's failure to supervise and/or train the employees included failure to properly instruct them in the applicable provisions of the Nebraska Criminal Code and proper investigative procedures.

61. On information and belief, Defendants Myers and Douglas County tolerated, as institutional policy, practice, or custom, or authorized and ratified the systematic pattern by their employees of covering up the excessive use of physical force by corrections officers, with the intention of and/or having the effect of depriving Carroll and other detainees of their rights and privileges afforded them by the United States Constitution.

62. The effect of this policy was to encourage Douglas County Jail employees, including Defendants Corrections Officers 4-7, to use excessive force against detainees at the Douglas County Jail.

63. In so doing, the policy contributed to the physical assault on Carroll and his resulting injuries.

64. On information and believe, the practice or custom includes the following tactics by the Douglas County Jail, which are used so frequently that they amount to an official policy of Douglas County:

   a. Responding to Carroll's complaint of misconduct, including excessive use of force, with inadequate investigations calculated to mislead the public and shows a deliberately indifferent attitude towards official misconduct;

   b. Allowing corrections officers being investigated for serious charges of excessive force to continue working while the investigation were ongoing;

   c. Providing no protection or incentives for employees who are witnesses to excessive use of force to cooperate with investigations by telling the truth about what they saw or to report instances of excessive force they learn about, and instead providing incentives for covering up excessive force;

   d. Providing no protection or incentives for medical personnel or corrections officers to treat inmates' injuries from excessive force promptly and adequately and to document the injuries appropriately, and instead providing protection for medical personnel and corrections officers to refuse treatment and falsify or omit documentation of medical care;

   e. Providing no protection or incentives for medical personnel or corrections officers who have relevant information about excessive force to cooperate with investigations by telling the truth about what hey saw or to report instances of excessive force they learn about, and instead providing incentives for covering up excessive force;

   f. Creating an atmosphere where medical personnel are discouraged from treating inmates' injuries from excessive force promptly and adequately, from documenting the injuries appropriately, and from cooperating with investigations by telling the truth about the injuries, and instead providing incentives for medical personnel to cover up excessive force; and

   g. Failing to implement and utilize a valid investigative procedure by the County for investigating possible misconduct by corrections officers and medical personnel in dealing with injuries that may be caused by the use of excessive force by corrections officers.

**Carroll Continues to Suffer From Injuries Sustained in the Beating**

65. Carroll has sustained permanent physical and psychological trauma, has suffered great pain and discomfort and continues to experience physical and psychological damage, which has caused him to miss work, leading to a loss of income.

## COUNT I
## SECTION 1983 CLAIM – USE OF EXCESSIVE FORCE

66. The allegations of paragraphs 1 through 65 are incorporated herein by reference.

67. As described above, on October 18, 2020, Defendants Correctional Officers John Does 4-9 used force against Carroll.

68. While Carroll was handcuffed and complying with directions of Defendants Correction Officers John Does 4-7, without provocation and without legitimate penal justification, Defendants Correctional Officers John Does 4-7 engaged in an unprovoked and unjustified excessive use of force against Carroll.

69. The acts of excessive force by Defendants Correctional Officers John Does 4-7 against Carroll were the direct and proximate cause of serious and ongoing physical and psychological injuries to Carroll.

70. The actions of Defendants Correctional Officers John Does 4-7 were performed under color of state law and violated Carroll's rights under the Fourteenth Amendment to the United States Constitution.

71. The conduct of Defendants Correctional Officers John Does 4-7 was willful and exhibited a flagrant disregard for Carroll's federally secured due process rights. Accordingly, these defendants are liable to Carroll under 42 U.S.C. § 1983.

## COUNT II
## SECTION 1983 CLAIM – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

72. The allegations of paragraphs 1 through 65 are incorporated herein by reference.

73. As described above, Defendant Nurse John Doe 3 and Defendants Correctional Officers John Does 4-7 failed to ensure that Carroll received prompt and adequate medical care subsequent to the beating he received on October 18, 2020.

74. Defendants Correctional Officers John Does 4-7 had knowledge Carroll was in need of medical attention after their conduct caused the shattering of Carroll's teeth, profuse bleeding from his mouth, and the Carroll's repeated request for medical help after he was discarded into a suicide room.

75. As a direct and proximate result of the actions of Defendant Nurse John Doe 3 and Defendants Correctional Officers John Does 4-7 to ensure that Carroll received prompt and adequate medical care, Carroll was subjected to increased pain and the threat of serious physical injury.

76. The actions of Defendant Nurse John Doe 3 and Defendants Correctional Officers John Does 4-7 exhibited deliberate indifference to Carroll's serious medical needs, were performed under the color of state law, and violated Carroll's rights under the Fourteenth Amendment to the United States Constitution.

77. The conduct of Defendant Nurse John Doe 3 and Defendants Correctional Officers John Does 4-7 were willful and exhibited a flagrant disregard for Carroll's federally secured rights. Accordingly, these defendants are liable to Carroll under 42 U.S.C. § 1983.

## COUNT III
## SECTION 1983 CLAIM – DENIAL OF RIGHT TO COUNSEL

78. The allegations of paragraphs 1 through 65 are incorporated herein by reference.

79. As described above, upon being placed into custody at the Douglas County Jail, Defendants Correctional Officers 4-7 intentionally denied Carroll from using the telephone to contact his legal counsel.

80. On or about October 17, 2020, placed into the custody of the Douglas County Jail by the Omaha Police Department Officers Trevor Toelle and Bryson Blandford.

81. Defendants Corrections Officers John Does 4-7 severe beating of Carroll and discarding him into a suicide room denied Carroll his request to use the telephone to contact his legal counsel.

82. As a direct and proximate result of Defendants Correctional Officers John Does 4-7 actions, Carroll was unable to pursue his rights, including the right to his legal counsel at his initial appearance, and has suffered damages as a result.

83. The actions of Defendants Correctional Officers John Does 4-7 were performed under color of state law and violated Carroll's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

84. The conduct of Defendants Correctional Officers John Does 4-7 was willful and exhibited a flagrant disregard for Carroll's federally secured rights. Accordingly, these defendants are liable to Carroll under 42 U.S.C. § 1983.

## COUNT IV
## SECTION 1983 CLAIM – COVER UP BY DOUGLAS COUNTY JAIL EMPLOYEES

85. The allegations of paragraphs 1 through 65 are incorporated herein by reference.

86. As described above, the actions of Defendants Myers and John Does 1-7 in covering up the excessive force by Defendants Corrections Officers John Does 4-7 pursuant to an official policy of the Douglas County Jail and of Douglas County were performed under color of state law and violated Carroll's rights guaranteed by the Fourteenth Amendment to the United States Constitution.

87. The actions of Defendants Myers and John Does 1-7 in covering up the acts of excessive force against Carroll were the direct and proximate cause of serious and ongoing physical and psychological injuries to Carroll.

88. The conduct of Defendants Myers and John Does 1-7 was willful and exhibited a flagrant disregard for Carroll's federally secured due process rights. Accordingly, these defendants are liable to Carroll under 42 U.S.C. § 1983.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully prays for judgment in his factor and against Defendants on all counts and for the following relief:

A. Compensatory damages against all defendants jointly and severally in an amount to be determined at trial;

B. Punitive damages against all defendants as allowed by law in an amount to be determined at trial;

C. Pre- and post-judgment interest as allowed by law;

D. Reasonable costs and attorneys fees incurred herein in accordance with; and

E. For such further relief that the Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts so triable.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests Omaha as the place for trial.

**DATED**: June 17, 2021

                              Respectfully submitted,

                              JARON L. CARROLL

BY: /s/ *Oluseyi O. Olowolafe*
      Oluseyi O. Olowolafe
      NE Bar Number: 26896
      *Attorney for Plaintiff*
      Olowolafe Law Firm, LLC
      1410 E. Gold Coast Road, Suite 700
      Papillion, NE 68046
      Telephone: (402) 995-9554
      Email: seyi.olowolafe@ololawfirm.com

      Craig M. Martin
      NE Bar Number: 24577
      Attorney for Plaintiff
      Craig Martin Law, PC, LLO
      1410 E. Gold Coast Road, Suite 700
      Papillion, NE 68046
      Telephone: (402) 614-5554
      Email: craigmartin@craigmartinlaw.com