IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARON L. CARROLL,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, Nebraska; MICHAEL MYERS, and JOHN DOES 1-7, individuals being sued in their individual and official capacity,<br><br>Defendants. | 8:21-CV-233<br><br>**MEMORANDUM AND ORDER** |

### I.  INTRODUCTION

Jaron L. Carroll has sued Douglas County, Nebraska ("Douglas County"), Michael Myers, several unnamed Douglas County corrections officers, and an unnamed nurse pursuant to 42 U.S.C. § 1983 for violating his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments. Filing 1. Before the Court is Douglas County and Myers's joint motion to dismiss under Federal Rules of Civil Procedure 12(b)(5), (6) and (7). Filing 8. Douglas County also moves to strike Carroll's demand for a jury trial and for an order directing Carroll to join Wellpath as a defendant. Filing 8. For the reasons stated herein, the Court denies Douglas County's motion to dismiss, grants Myers's motion to dismiss, grants Douglas County's motion to strike, and orders Carroll to join Wellpath as a defendant.

1

## II.     BACKGROUND

This case involves the alleged beating of Carroll by several Douglas County corrections officers while Carroll was a pre-trial detainee at the Douglas County Department of Corrections, which Carroll refers to as the Douglas County Jail. Filing 1 at 1. On October 18, 2020, Carroll was arrested and detained at the Douglas County Jail. Filing 1 at 3. While in the waiting cell dressing room, a corrections officer denied Carroll's request for a phone call. Filing 1 at 4. Carroll also alleges that two corrections officers threatened to beat Carroll after handcuffing him. Filing 1 at 4. Carroll alleges one of the corrections officers pinched and squeezed Carroll's triceps while escorting him towards the nurse's room, causing him pain. Filing 1 at 4. Carroll told the corrections officer that the pinching hurt him and jerked away. Filing 1 at 4.

Once Carroll jerked away, two of the corrections officers who were escorting him allegedly pushed him into a chair, causing his head to hit a concrete wall. Filing 1 at 4-5. Carroll contends multiple corrections officers then assaulted him, causing him physical injury. Filing 1 at 5. Carroll also claims a nurse at the nearby nurse's station failed to intervene. Filing 1 at 5.

Despite Carroll needing medical attention, the corrections officers placed him in the suicide room jail cell for several hours before he was finally transported to the hospital. Filing 1 at 6. His medical care included wiring the bridge of his mouth to hold his teeth in place. Filing 1 at 6.

According to Carroll, the corrections officers and nurse tried to cover up the incident resulting in Carroll's injuries. Filing 1 at 6. He alleges that the corrections officers placed him in the suicide room jail cell so others could not see his injuries, Filing 1 at 7, and that they entered false information into logbooks to make it appear that Carroll assaulted an officer and was suicidal. Filing 1 at 6. Carroll also claims that the Chief Corrections Officer, under the guise of being an attorney, called Carroll to ask him about assaulting one of the corrections officers. Filing 1 at 7.

Carroll denied having assaulted anyone at the jail and asked to check the jail's video cameras. Filing 1 at 7. Ultimately, Carroll alleges that Douglas County Jail's internal affairs did not investigate his beating nor discipline the corrections officers involved. Filing 1 at 7.

On June 17, 2021, Carroll sued Douglas County, Michael Myers, the corrections officers that injured him, and the nurse that failed to intervene or provide medical care pursuant to 42 U.S.C. § 1983 for violating his Fourth, Sixth, and Fourteenth Amendment rights. Filing 1. In his allegations against Douglas County, Carroll claims Douglas County has an "institutional practice or custom, constituting an official policy" of covering up misconduct, such as excessive force, by Douglas County corrections officers and allowing corrections officers to prevent detainees from using the phone. Filing 1 at 8. He also asserts that Douglas County fails to supervise or train their employees. Filing 1 at 8. More specifically, Carroll claims that Douglas County fails to train employees on proper investigative procedures, allows corrections officers to continue working while being investigated for serious misconduct, fails to incentivize reporting misconduct while protecting those who cover up misconduct, and creates an atmosphere that discourages treating injuries to detainees. Filing 1 at 8-9. Douglas County filed its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(5), (6) and (7) on July 13, 2021. Filing 8.

### III. ANALYSIS

#### A. Failure to State a *Monell* Claim

First, Douglas County moves to dismiss Carroll's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Carroll failed to plead a valid claim under which it, as a municipal entity, could be held liable pursuant to 42 U.S.C. § 1983. Filing 10 at 1. Specifically, Douglas County asserts that Carroll's "entire list of alleged policies and customs [purporting to show a violation] is conclusory" and that "the facts of his case alone are insufficient to suggest the

existence of an unconstitutional policy or custom." Filing 10 at 8, 10. Carroll responds that Douglas County's argument ignores the fact that he "included ample factual allegations preceding the allegations that contained his conclusions." Filing 13 at 2. He further contends that when his complaint is viewed "[i]n light of these specific factual allegations . . . the Court should find the Complaint sufficiently meets the plausibility standard." Filing 13 at 10. The Court finds Carroll has adequately stated a claim for municipal liability and Douglas County's 12(b)(6) motion must be denied.

    1. Applicable Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not

contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, "Municipal entities such as [Douglas County] may be liable under § 1983 for constitutional violations if a 'violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.'" *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

   2. Analysis

To begin, although Carroll alleges that the coverup of his beating was "pursuant to an official policy of the Douglas County Jail and of Douglas County," Filing 1 at 12, he does not point to any "official, adopted policy stating such." *Corwin*, 829 F.3d at 700; *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("Municipality liability under § 1983 attaches where . . . a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."). Instead, he argues that the actions of the corrections officers "amounted to an official policy or an unofficial custom." Filing 13 at 7. However, there is no allegation that the corrections officers are "responsible for establishing final government policy respecting such activity." *Pembaur*, 475 U.S. at 483. Moreover, while it is true that liability under *Monell* can exist through an unwritten or unofficial policy, it requires a plaintiff to allege that there is "evidence of . . . a practice, so permanent and well-settled so as to constitute a custom, that existed." *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Davison v. City of Minneapolis*, 490 F.3d 648,

5

659 (8th Cir. 2007)). Thus, the relevant issue in this case is if Carroll has sufficiently alleged a custom of covering up misconduct by corrections officers. *See Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (moving to a "custom" analysis when the plaintiff failed to identify any official policy that "arguably" violated constitutional rights).

To show that an unofficial custom resulted in a constitutional violation, a plaintiff must show:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 700). Carroll argues that his complaint sufficiently pleads that Douglas County has an unofficial custom of covering up corrections officers' misconduct. Filing 13 at 7-8. To support his argument, Carroll points to the alleged actions of the corrections officers in this case. Filing 13 at 7-8. The Eighth Circuit is clear that "[l]iability for an unconstitutional custom . . . cannot arise from a single act." *McGautha v. Jackson Cnty., Mo., Collections Dep't*, 36 F.3d 53, 57 (8th Cir. 1994). Thus, if all that Carroll's complaint contained were allegations against the corrections officers, his complaint would be insufficient to establish a custom of Douglas County. *See McReynolds v. Schmidli*, 4 F.4th 648, 656 (8th Cir. 2021) (holding that two alleged incidents of using excessive force did not constitute an unconstitutional custom).

However, Carroll makes additional claims in his complaint. He further alleges that Douglas County engages in inadequate investigations into claims against its officers for misconduct. Filing 1 at 9. For example, Carroll claims that Douglas County does not instruct employees on "proper investigative procedures." Filing 1 at 8. He also asserts that Douglas County fails "to implement

6

and utilize a valid investigative procedure" when detainees receive injuries "that may be caused by the use of excessive force by corrections officers." Filing 1 at 8. Additionally, Carroll claims that Douglas County permits corrections officers to continue working even when they are "being investigated for serious charges of excessive force." Filing 1 at 8. Overall, due to these deficiencies, Carrol contends that Douglas County creates an atmosphere where employees are encouraged to be uncooperative with investigations and discouraged from reporting instances of misconduct. Filing 1 at 8.

Although thin,[1] these allegations are more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. These allegations, if true, establish the first prong of the test set forth in *Malone*: "the existence of a continuing, widespread, persistent pattern of unconstitutional conduct" on the part of Douglas County to foster coverups of misconduct by its corrections officers. *Malone*, 847 F.3d at 955. Additionally, as to the third prong, Carroll has adequately pled that he was "injured by acts pursuant to [Douglas County's custom]." *Id.* In particular, fostering coverups and ignoring issues with excessive force "encourages or allows officers to use excessive force without concern for punishment." *Mettler*, 165 F.3d at 1205. Thus, fostering coverups of instances of excessive force would be a "moving force behind the constitutional violations" that allegedly injured Carroll. *Corwin*, 829 F.3d at 700.

The second prong, that Douglas County exhibited "deliberate indifference to or tacit authorization of such conduct . . . after notice," *Malone*, 847 F.3d at 955, requires more analysis. Carroll has adequately pled that Douglas County exhibited indifferent or tacit authorization when

---

[1] The Eighth Circuit recognizes that the failure to specifically plead the existence of a policy of a custom is not, by itself, fatal to a claim under *Monell*. See *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) ("When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right.").

it allegedly failed to investigate his alleged beating or discipline the corrections officers involved. However, the question of notice is a closer call. Filing 1 at 7. Given the relationship between Douglas County and the Douglas County Jail, the Court finds Carroll has sufficiently pled that Douglas County was on notice of the misconduct. Carroll alleges that Douglas County is responsible for running the Douglas County Jail, and a review of relevant Nebraska Statutes[2] shows that Douglas County has a close regulatory connection with the Douglas County Jail. Nebraska law requires Douglas County's board of corrections to meet every sixty days to hear arguments and recommendations about running the Douglas County Jail. Neb. Rev. Stat. § 23-2802. The board must visit the jail at least four times a year. *Id.* § 47-109. Douglas County is also bound by rules issued by the Jail Standards Board, *see id.* § 23-2802, a state regulatory agency that imposes several requirements and regulations on Douglas County in maintaining the Douglas County Jail. 81 Neb. Admin. Code § 1-001 et seq. Importantly, Jail Standards Board regulations require Douglas County to maintain a variety of up-to-date records and statistics for its correctional facilities and have a training program for Douglas County Jail employees that includes several requirements, including how to report incidents. 81 Neb. Admin. Code § 2-002 to -003 (providing minimum training for staff); 81 Neb. Admin. Code § 3-002 (mandating the keeping of certain records, including those for misconduct by staff members and serious injuries to inmates).

Given the close regulatory connections between Douglas County and the Douglas County Jail, it is reasonable to infer that, accepting the veracity of Carroll's allegations, Douglas County has notice of the inadequacies of the investigative procedures at the Douglas County Jail. *See*

---

[2] "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Nebraska Statutes are part of the public record. *See Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017) (citing *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) for the proposition that "state statutes . . . fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice").

*Twombly*, 550 U.S. 544, 570 (2007) (stating that complaint has facial plausibility when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Indeed, several of the acts Carrol alleges in his complaint, such as not training employees on proper investigative procedures and allowing employees to continue working while being investigated for serious misconduct, may have been implemented by the Douglas County board of corrections. *See* 81 Neb. Admin. Code § 2-001 (mandating minimum standards of training). Since "[n]otice is the touchstone of deliberate indifference in the context of [*Monell*]," *see Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir. 2013), failing to remedy these inadequacies when on notice could amount to deliberate indifference to constitutional violations. While it is true that Carroll's complaint is sparse as to how Douglas County has notice of constitutional violations in the Douglas County Jail, forcing a plaintiff to make such specific allegations "would disregard the liberality of [Federal Rules of Civil Procedure 8(a)(2) and 8(f)]." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Therefore, the Court finds that Carroll has sufficiently pled a claim against Douglas County pursuant to § 1983. *See Parrish v. Luckie*, 963 F.2d 201, 204–05 (8th Cir. 1992) (upholding judgment against municipality based on evidence that city police department had custom of covering up complaints regarding "use of force").

### B. Failure to Join a Necessary and Indispensable Party

Douglas County also urges the Court to dismiss this case for failure to join a necessary and indispensable party, Wellpath, LLC ("Wellpath"), pursuant to Federal Rule of Civil Procedure 12(b)(7). Alternatively, Douglas County asks that the Court require Carroll to join Wellpath and its employee nurse as necessary defendants in this suit under Federal Rule of Civil Procedure 19(a)(2). Filing 8 at 1; Filing 10 at 2-5.

Under Federal Rule of Civil Procedure 12(b)(7), a defendant can seek dismissal of a case for failure to join a party under Federal Rule of Civil Procedure 19. *See* Fed. R. Civ. P. 12(b)(7). Rule 19, in turn, requires a court to conduct a two-part inquiry when determining whether an action should be dismissed for failure to join an indispensable party. First, the court determines if the absent party is a necessary party. Fed. R. Civ. P. 19(a). A party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If the court determines the absent party is necessary, the court then determines if dismissal is appropriate under Rule 19(b). Dismissal is appropriate if the moving party demonstrates: (1) an absent and required party should be joined; (2) the court cannot join the absent, required party; and (3) the case cannot proceed "in equity or good conscience" without the absent, required party. *See* Fed. R. Civ. P. 19(b).

Dismissal is not appropriate in this case. Douglas County has failed to show that Wellpath cannot be added as a defendant in this case. Douglas County further failed to argue or show that Wellpath is not subject to service of process or that joinder would deprive this court of jurisdiction. *See* Fed. R. Civ. P. 19(a)(1). Therefore, Douglas County has not shown that "Joinder is Not Feasible." Fed. R. Civ. P. 19(b). Thus, the request to dismiss the case or claims under Rule 12(b)(7) is denied.

Next, the Court considers whether to require Carroll to join Wellpath as a defendant in this case under Federal Rule of Civil Procedure 19(a)(2). According to Douglas County, Wellpath is a necessary party to adjudicate Count II of Carroll's Complaint and all claims concerning medical personnel because Wellpath provides medical services for Douglas County's inmates and detainees. Filing 10 at 2-3. Without joining Wellpath, Douglas County argues, the Court cannot accord complete relief and disposal of this case would impede Wellpath's ability to protect its interests. Filing 10 at 3-4.

The Court concludes that Wellpath is a necessary party to this case. Although Wellpath is the private employer of the unnamed nurse, "[a] corporation acting under color of state law will . . . be held liable under § 1983 for its own unconstitutional policies." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004) (citing *Monell*, 463 U.S. at 690). Wellpath could be liable if "there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983." *Id.* (citing *Monell*, 463 U.S. at 694). As stated above, Carroll has sufficiently alleged that there is a custom of covering up investigations into misconduct and denying medical care at the Douglas County Jail. Thus, in Wellpath's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Under Federal Rule of Civil Procedure 19(a)(2), the Court must order that Wellpath be made a party. *See* Fed. R. Civ. P. 19(a)(2). Accordingly, the Court orders that Carroll join Wellpath as a defendant in this action.

### C. Right to Jury Trial

Douglas County also moves to strike Carroll's demand for a jury trial. Douglas County references several cases where judges in the District of Nebraska held that the Seventh Amendment did not apply to certain actions under § 1983. *See, e.g.*, *Buss v. Douglas*, 59 F.R.D. 334, 334 (D.

Neb. 1973). The Court agrees that, as to the claim against Douglas County under *Monell*, Carroll is not entitled to trial by jury.

As the Supreme Court has held, § 1983 does not confer the right to a jury trial. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Thus, when faced with determining if the Seventh Amendment requires a jury trial pursuant to a statutory cause of action, a court makes two principal inquiries. First, a court asks if the cause of action in the present case "tried at law at the time of the founding or is at least analogous to one that was." *Id.* at 708 (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996)). Next, "[i]f the action in question belongs in the law category, we then ask whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Id.* (quoting *Markman*, 517 U.S. at 376).

Carroll's § 1983 action seeking damages for being beaten while in custody sounds in tort (battery) and thus "tried at law at the time of the founding." *See id.* (holding that the Seventh Amendment extends to statutory claims that sound in tort and seek legal relief); *Bergman by Harre v. Anderson*, 411 N.W.2d 336, 339 (1987) ("A battery requires 'an actual infliction' of an unconsented injury upon or unconsented contact with another."). Accordingly, the first inquiry is satisfied. However, Carroll's suit against Douglas County, a political subdivision of Nebraska, would be contrary to the common-law right to a jury as it existed in 1791 because Douglas County would enjoy sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 733 (1999) (stating that State sovereign immunity derives both from common law tradition and constitutional design); *Edwards v. Douglas Cnty.*, 953 N.W.2d 744, 750 (Neb. 2021) (acknowledging that, absent a waiver, political subdivisions of Nebraska have sovereign immunity against tort claims). Although Nebraska waived sovereign immunity for its political subdivisions via the Political Subdivisions

Tort Claims Act, the act expressly states that Nebraska does not consent to trial by jury. *See* Neb. Rev. Stat. § 13-907 ("[S]uits [under the PSTCA] shall be heard and determined by the appropriate court without a jury."). Therefore, the trial decision need not fall to a jury in order to preserve the substance of an action for battery against Nebraska or one of its subdivisions.[3] Thus, the Seventh Amendment does not require a jury trial for the claims against Douglas County and the Court grants Douglas County's motion to strike Carroll's demand for a jury trial.

### D. Dismissal of Michael Myers in His Official and Individual Capacity and John Does 1-7 in their Official Capacities

Douglas County moves to dismiss Myers in both his official and individual capacity and John Does 1 through 7 in their official capacities. Filing 8 at 1-2; Filing 10 at 7. Carroll agrees to the dismissal of Myers from the case and to the dismissal of the claims against Does 1 through 7 in their official capacities. Filing 13 at 2-3 & n.1. Accordingly, the Court dismisses Myers as a party to the case and dismisses the claims against John Does 1 through 7 in their official capacities. *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) ("The real party in interest in an official-capacity suit is the governmental entity and not the named official.").

### IV. CONCLUSION

Carroll has sufficiently pled a claim under § 1983 against Douglas County pursuant to *Monell*. The Court concludes Carroll is not entitled to a jury trial in his § 1983 claim against Douglas County because it would be contrary to the common law right to a jury. Furthermore, both parties have agreed to dismiss Michael Myers in his individual and official capacities and John Does 1-7 in their official capacities. Finally, the Court orders Carroll to join Wellpath as a defendant in this case and to serve process on Wellpath. Accordingly,

---

[3] As only Douglas County has moved to strike, the Court need not decide whether a jury trial can be maintained against the individual defendants.

IT IS ORDERED:

1. Defendant Douglas County's Motion to Dismiss, Filing 8, is denied;
2. Defendant Douglas County's motion to strike Plaintiff's demand for a jury trial, Filing 8, is granted;
3. The Court grants Carroll leave for 30 days to amend its complaint to add Wellpath as a defendant;
4. Carroll is ordered to serve process on Wellpath;
5. Defendant Michael Myers is dismissed as a party to the case; and
6. Plaintiff's claims against Defendants John Does 1 through 7 in their official capacities are dismissed.

Dated this 1st day of October, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge